HELEN W. QUAN, ESQ (SBN 207361)
ATTORNEY AT LAW
333 W. Garvey Avenue, #B-911
Monterey Park, CA 91754
Telephone: (626) 571-2006
Email: helen@hwqlaw.com

ATTORNEY FOR PLAINTIFFS
HWY LOGISTICS, INC. AND
EVERRANK EXPRESS, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>SAMUEL CHIH, an individual; CHARLENE YUKI LI also known as CHARLENE Y. LI also known as CHARLENE LI also known as YUKI LI,<br><br>Debtors. | Case No. 6:26-bk-12810-RB<br><br>Chapter 7<br><br>Judge: Hon. Magdalena Reyes Bordeaux<br><br>Ctrm: 301 |
| HWY LOGISTICS, INC., a California Corporation; EVERRANK EXPRESS INC., a California Corporation,<br><br>              Plaintiffs.<br><br>      v.<br><br>SAMUEL CHIH, an individual, CHARLENE YUKI LI also known as CHARLENE Y. LI also known as CHARLENE LI also known as YUKI LI, an individual,<br><br>              Defendants. | **ADVERSARY PROCEEDING**<br><br>1) **Determination of Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A);**<br>2) **Determination of Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(4);**<br>3) **Determination of Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6);**<br>4) **Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(3); and**<br>5) **Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(5).** |

- 1 –

ADVERSARY PROCEEDING

Plaintiffs HWY LOGISTICS, INC. and EVERRANK EXPRESS INC. (collectively, "Plaintiffs") hereby file this Complaint against Debtors and Defendants SAMUEL CHIH ("CHIH") and CHARLENE YUKI LI, also known as CHARLENE Y. LI, CHARLENE LI, and YUKI LI ("LI") (collectively, "Defendants"), and allege as follows:

## CORE PROCEEDING

1.      This adversary proceeding relates to the bankruptcy case entitled In re Samuel Chih and Charlene Yuki Li, Case No. 6:26-bk-12810-RB, commenced by Defendants' voluntary petition for relief under Chapter 7 of Title 11 of the United States Code filed on April 11, 2026 ("Petition Date") in the United States Bankruptcy Court for the Central District of California, Riverside Division ("Bankruptcy Court"). Plaintiffs seek a determination that certain debts owed by Defendants are nondischargeable pursuant to 11 U.S.C. § 523 and object to Defendants' discharge pursuant to 11 U.S.C. § 727. Accordingly, this adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

## SUBJECT MATTER JURISDICTION

2.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 because this proceeding seeks a determination of the dischargeability of debts pursuant to 11 U.S.C. § 523 and denial of discharge pursuant to 11 U.S.C. § 727.

## VENUE

3.      Venue is proper in the United States Bankruptcy Court for the Central District of California pursuant to 28 U.S.C. §§ 1408 and 1409. The Riverside Division is the proper venue for this adversary proceeding because Defendants filed their bankruptcy petition in this division.

4.      Plaintiffs have timely commenced this adversary proceeding.

## THE PARTIES

ADVERSARY PROCEEDING

5. Plaintiffs are creditors of Defendants.

6. Plaintiff HWY LOGISTICS, INC. ("HWY") is, and at all times mentioned herein was, a California corporation authorized to do business in the State of California, with its principal place of business located in Santa Fe Springs, California.

7. Plaintiff EVERRANK EXPRESS INC. ("EVERRANK") is, and at all times mentioned herein was, a California corporation authorized to do business in the State of California, with its principal place of business located in Rialto, California.

8. Defendant SAMUEL CHIH ("CHIH") is, and at all times mentioned herein was, an individual residing in San Bernardino County, California. CHIH is a former employee of Plaintiff HWY and the husband of Defendant LI.

9. Defendant CHARLENE YUKI LI, also known as CHARLENE Y. LI, CHARLENE LI, and YUKI LI ("LI"), is, and at all times mentioned herein was, an individual residing in San Bernardino County, California. LI is the wife of Defendant CHIH.

10. On the Petition Date, Defendants filed a joint voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, commencing Case No. 6:26-bk-12810-RB in the United States Bankruptcy Court for the Central District of California, Riverside Division.

## RULE 7008 STATEMENT

11. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Plaintiffs consent to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding.

## GENERAL ALLEGATIONS

12. Plaintiffs are logistics companies engaged in the transportation and related logistics business.

- 3 –

ADVERSARY PROCEEDING

13. On or about March 14, 2022, HWY hired CHIH as a dispatcher. During his employment, CHIH was also given managerial responsibilities relating to HWY's logistics operations, customer coordination, driver dispatch, and certain accounting-related functions.

14. During the course of his employment with HWY, CHIH obtained access to Plaintiffs' bank accounts, credit cards, financial records, computer systems, and corporate property.

15. Plaintiffs allege that CHIH used his access to Plaintiffs' accounts and property to transfer, withdraw, charge, and retain Plaintiffs' corporate funds and assets without Plaintiffs' authorization and for purposes not authorized by Plaintiffs.

16. Plaintiffs further allege that LI received and retained funds issued by HWY in her name, including payroll checks, even though Plaintiffs contend LI did not perform work for HWY.

17. Plaintiffs allege that Defendants concealed the nature and purpose of the transfers, withdrawals, charges, payroll payments, and retained corporate property from Plaintiffs.

18. Plaintiffs allege that, as a result of Defendants' conduct, HWY suffered damages of no less than $70,958.12, and EVERRANK suffered damages of no less than $20,237.45, for combined damages of no less than $91,195.57, exclusive of interest, attorneys' fees, costs, and any additional damages according to proof.

19. On or about September 13, 2022, HWY discovered CHIH's alleged misconduct and terminated his employment.

20. After CHIH's termination, Plaintiffs allege that CHIH failed to return all corporate property, records, electronic data, and other assets belonging to Plaintiffs.

**CHIH'S UNAUTHORIZED TRANSFERS, WITHDRAWALS, AND**

ADVERSARY PROCEEDING

## **CHARGES FROM HWY**

21.    Plaintiffs allege that CHIH misappropriated HWY corporate funds in the total amount of no less than $70,958.12 through unauthorized credit card charges, Zelle transfers, ATM withdrawals, and a check payable to himself.

22.    During the period of July 19, 2022 through August 25, 2022, CHIH caused unauthorized charges to be made against HWY accounts in the amount of no less than $5,235.87, including charges to Apple.com, VIVA El Monte, Ramada Inn & Suites South El Monte, and Fairfield Inn & Suites Rosemead.

23.    On or about July 27, 2022, CHIH transferred $3,000.00 from HWY's bank account to himself through Zelle without HWY's authorization.

24.    On or about July 27, 2022, CHIH transferred an additional $3,000.00 from HWY's bank account to himself through Zelle without HWY's authorization.

25.    On or about July 29, 2022, CHIH transferred an additional $3,000.00 from HWY's bank account to himself through Zelle without HWY's authorization.

26.    On or about July 26, 2022, CHIH withdrew $1,000.00 in cash from HWY's bank account through an ATM without HWY's authorization.

27.    On or about July 28, 2022, CHIH withdrew an additional $1,000.00 in cash from HWY's bank account through an ATM without HWY's authorization.

28.    On or about August 2, 2022, CHIH transferred $4,000.00 from HWY's bank account to himself through Zelle without HWY's authorization.

29.    On or about August 2, 2022, CHIH transferred an additional $6,000.00 from HWY's bank account to himself through Zelle without HWY's authorization.

30.    On or about August 3, 2022, CHIH transferred $3,000.00 from HWY's bank account to himself through Zelle without HWY's authorization.

31.    On or about August 3, 2022, CHIH transferred an additional $2,000.00 from HWY's bank account to himself through Zelle without HWY's authorization.

32.    On or about August 4, 2022, CHIH transferred $4,422.25 from HWY's bank account to himself through Zelle without HWY's authorization.

ADVERSARY PROCEEDING

33. On or about August 5, 2022, CHIH transferred an additional $3,000.00 from HWY's bank account to himself through Zelle without HWY's authorization.

34. On or about August 15, 2022, CHIH transferred an additional $3,000.00 from HWY's bank account to himself through Zelle without HWY's authorization.

35. On or about August 15, 2022, CHIH withdrew $1,000.00 in cash from HWY's bank account through an ATM without HWY's authorization.

36. On or about August 16, 2022, CHIH withdrew an additional $1,000.00 in cash from HWY's bank account through an ATM without HWY's authorization.

37. On or about August 22, 2022, CHIH withdrew an additional $1,000.00 in cash from HWY's bank account through an ATM without HWY's authorization.

38. On or about August 15, 2022, CHIH caused HWY check no. 1260, in the amount of $26,000.00, to be issued payable to himself without HWY's authorization.

39. Plaintiffs allege that the foregoing transfers, withdrawals, charges, and check were not authorized business expenses or legitimate reimbursements, and that CHIH has failed to provide complete and reliable documentation substantiating any alleged business purpose for the transactions.

## CHIH'S UNAUTHORIZED TRANSFERS, WITHDRAWALS, AND CHARGES FROM EVERRANK

40. Plaintiffs allege that CHIH was not an employee of EVERRANK, but nevertheless obtained access to EVERRANK's bank accounts and/or credit accounts.

41. Plaintiffs allege that CHIH misappropriated EVERRANK corporate funds in the total amount of no less than $20,237.45 through unauthorized credit card charges and ATM withdrawals.

42. During the period of July 29, 2022 through August 5, 2022, CHIH caused unauthorized charges to be made against EVERRANK accounts in the

ADVERSARY PROCEEDING

amount of no less than $7,134.97, including charges to VIVA El Monte.

43. During the period of August 11, 2022 through August 16, 2022, CHIH caused additional unauthorized charges to be made against EVERRANK accounts in the amount of no less than $6,102.48, including additional charges to VIVA El Monte.

44. On or about July 29, 2022, CHIH withdrew $1,000.00 in cash from EVERRANK's bank account through an ATM without EVERRANK's authorization.

45. On or about August 1, 2022, CHIH withdrew an additional $1,000.00 in cash from EVERRANK's bank account through an ATM without EVERRANK's authorization.

46. On or about August 5, 2022, CHIH withdrew an additional $1,000.00 in cash from EVERRANK's bank account through an ATM without EVERRANK's authorization.

47. On or about August 15, 2022, CHIH withdrew an additional $1,000.00 in cash from EVERRANK's bank account through an ATM without EVERRANK's authorization.

48. On or about August 16, 2022, CHIH withdrew an additional $1,000.00 in cash from EVERRANK's bank account through an ATM without EVERRANK's authorization.

49. On or about August 22, 2022, CHIH withdrew an additional $1,000.00 in cash from EVERRANK's bank account through an ATM without EVERRANK's authorization.

50. On or about August 24, 2022, CHIH withdrew an additional $1,000.00 in cash from EVERRANK's bank account through an ATM without EVERRANK's authorization.

51. Plaintiffs allege that the foregoing charges and ATM withdrawals were not authorized business expenses or legitimate reimbursements, and that CHIH has

- 7 –

failed to provide complete and reliable documentation substantiating any alleged business purpose for the transactions.

## CHIH'S RETENTION OF CORPORATE PROPERTY AND ELECTRONIC DATA

52. Plaintiffs allege that, after CHIH's employment with HWY was terminated on or about September 13, 2022, CHIH failed and refused to return all corporate property, records, electronic data, and other assets belonging to Plaintiffs.

53. Plaintiffs allege that, after the commencement of the state court action, Plaintiffs received documents from CHIH's counsel that appeared to have been generated from or maintained on Plaintiffs' corporate computer systems.

54. Plaintiffs further allege that CHIH retained access to or possession of Plaintiffs' internal electronic data, records, and corporate information after his employment ended, without Plaintiffs' authorization.

55. Plaintiffs allege that CHIH's retention and use of Plaintiffs' corporate property, records, and electronic data caused harm to Plaintiffs and further supports Plaintiffs' claims for nondischargeability and denial of discharge.

56. Plaintiffs allege that CHIH's conduct violated Plaintiffs' ownership and possessory rights in their corporate property, records, and electronic data.

## CHIH'S REPRESENTATIONS REGARDING CARGO CONTAINER CHASSIS

57. Plaintiffs allege that, after commencing the state court action, Plaintiffs obtained documents from Defendants' counsel concerning CHIH's alleged use of Plaintiffs' corporate funds in connection with two cargo container chassis.

58. In or about August 2022, while acting in a managerial capacity for HWY, CHIH represented to HWY that two cargo container chassis had been purchased for HWY at a total cost of $44,000.00, or $22,000.00 each. The two chassis were identified as Chassis No. FLXZ4315308 and Chassis No. AIMT417986.

ADVERSARY PROCEEDING

59.     Plaintiffs allege that CHIH did not provide Plaintiffs with registered titles or other reliable ownership documents establishing that HWY owned the two chassis.

60.     Plaintiffs further allege that, after CHIH's termination, Plaintiffs discovered that the two chassis were not owned by HWY, but instead belonged to a chassis rental company located at or near the Port of Long Beach.

61.     Plaintiffs allege that the chassis were later repossessed by the rental company and that Plaintiffs incurred more than $10,000.00 in fees and penalties as a result.

62.     Plaintiffs allege that CHIH's representations concerning the chassis, and his failure to provide ownership records, caused Plaintiffs harm and further support Plaintiffs' claims for nondischargeability and denial of discharge.

## PAYROLL PAYMENTS ISSUED TO LI

63.     During CHIH's employment with HWY, from approximately April 2022 through September 13, 2022, CHIH caused certain payroll payments relating to his work for HWY to be issued in LI's name.

64.     Plaintiffs allege that CHIH provided information to HWY's accountant that caused payroll checks to be made payable to LI, rather than to CHIH.

65.     Plaintiffs allege that LI accepted and retained payroll checks from HWY even though Plaintiffs contend LI did not perform work for HWY.

66.     Plaintiffs further allege that LI reported the payroll payments as her own income.

67.     Plaintiffs are informed and believe that LI maintained possession, custody, or control of some or all payroll funds paid in her name, including funds Defendants contend were assigned earnings or payroll for Samuel Chih, and has failed to provide a satisfactory accounting or documentation regarding the receipt, use, transfer, or disposition of such funds.

- 9 –

68.    Plaintiffs allege that Defendants' conduct caused Plaintiffs to incur expenses to review, correct, and/or amend accounting and tax records for the period of April 2022 through September 13, 2022.

69.    Plaintiffs allege that the payroll payments issued to LI further support Plaintiffs' claims that Defendants diverted Plaintiffs' funds for their own benefit.

## ADDITIONAL ALLEGATIONS REGARDING CHIH'S POSITION OF TRUST

70.    During the relevant period, CHIH held a position of trust and responsibility with HWY and was entrusted with access to Plaintiffs' bank accounts, financial records, credit accounts, computer systems, and other corporate assets.

71.    Plaintiffs allege that CHIH used his position and access to obtain control over Plaintiffs' funds and property for purposes not authorized by Plaintiffs.

72.    Plaintiffs further allege that CHIH failed to adequately account for numerous transfers, withdrawals, charges, reimbursements, and other transactions involving Plaintiffs' funds.

73.    Plaintiffs allege that CHIH retained possession of certain corporate property, records, electronic data, and other assets after the termination of his employment.

74.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages in an amount no less than $91,195.57, exclusive of interest, attorneys' fees, costs, and additional damages according to proof.

75.    Plaintiffs have incurred, and continue to incur, attorneys' fees, costs, and expenses in investigating Defendants' conduct and recovering Plaintiffs' funds and property.

## FIRST CLAIM FOR RELIEF

**(Determination of Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))**

– 10 –

ADVERSARY PROCEEDING

**(Against Defendant SAMUEL CHIH)**

76.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

77.     During his employment with HWY and while exercising authority over Plaintiffs' operations, CHIH represented to Plaintiffs that various transfers, withdrawals, charges, reimbursements, payroll transactions, and chassis-related transactions were legitimate business transactions conducted for Plaintiffs' benefit.

78.     CHIH further represented that funds transferred to him, funds withdrawn by him, and payments made for his benefit were authorized business expenses, reimbursements, or otherwise proper corporate expenditures.

79.     Plaintiffs allege that these representations were false when made and that CHIH knew they were false when made.

80.     Plaintiffs further allege that CHIH intentionally concealed material facts concerning the nature, purpose, and disposition of Plaintiffs' funds and property, including transfers, withdrawals, charges, reimbursements, and chassis-related transactions.

81.     CHIH intended that Plaintiffs rely upon his representations and omissions so that he could obtain and retain control over Plaintiffs' funds and property.

82.     Plaintiffs reasonably relied upon CHIH's representations and omissions because CHIH occupied a position of trust and responsibility and had been given authority to access Plaintiffs' financial accounts, records, and operations.

83.     In reliance upon CHIH's representations and omissions, Plaintiffs permitted CHIH to continue exercising control over Plaintiffs' funds, accounts, and property and did not immediately discover the unauthorized transactions.

84.     As a direct and proximate result of CHIH's false representations, false pretenses, and actual fraud, Plaintiffs suffered damages in an amount no less than

ADVERSARY PROCEEDING

$91,195.57, exclusive of interest, attorneys' fees, costs, and additional damages according to proof.

85.    Pursuant to 11 U.S.C. § 523(a)(2)(A), the debt owed by CHIH to Plaintiffs is nondischargeable because it was obtained by false pretenses, false representations, and actual fraud.

### SECOND CLAIM FOR RELIEF

**(Determination of Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(4))**

**(Against Defendant SAMUEL CHIH)**

86.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

87.    Plaintiffs' funds, accounts, records, and corporate property belonged to Plaintiffs and did not belong to CHIH.

88.    CHIH was entrusted with access to Plaintiffs' funds, bank accounts, credit accounts, records, and corporate property for limited business purposes only.

89.    CHIH used his access to Plaintiffs' funds and accounts to transfer funds to himself, withdraw cash, issue or cause checks to be issued to himself, make unauthorized charges, and retain Plaintiffs' property for purposes not authorized by Plaintiffs.

90.    CHIH appropriated Plaintiffs' funds and property for his own benefit and without Plaintiffs' knowledge or consent.

91.    Plaintiffs allege that CHIH's conduct constitutes embezzlement and/or larceny within the meaning of 11 U.S.C. § 523(a)(4).

92.    As a direct and proximate result of CHIH's embezzlement and/or larceny, Plaintiffs suffered damages in an amount no less than $91,195.57, exclusive of interest, attorneys' fees, costs, and additional damages according to proof.

ADVERSARY PROCEEDING

93.    Pursuant to 11 U.S.C. § 523(a)(4), the debt owed by CHIH to Plaintiffs is nondischargeable.

## THIRD CLAIM FOR RELIEF

## (Determination of Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6))

## (Against Defendant SAMUEL CHIH)

94.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

95.    Pursuant to 11 U.S.C. § 523(a)(6), a debt is nondischargeable if it arises from willful and malicious injury by the debtor to another entity or to the property of another entity.

96.    Plaintiffs allege that CHIH intentionally transferred, withdrew, charged, retained, and otherwise exercised control over Plaintiffs' funds, accounts, corporate property, records, and electronic data without Plaintiffs' authorization.

97.    Plaintiffs further allege that CHIH knew that the funds and property belonged to Plaintiffs and that Plaintiffs did not authorize his use, retention, transfer, or disposition of such funds and property.

98.    Plaintiffs allege that CHIH's conduct was intentional, wrongful, and substantially certain to cause injury to Plaintiffs and Plaintiffs' property interests.

99.    As a direct and proximate result of CHIH's willful and malicious conduct, Plaintiffs suffered damages in an amount no less than $91,195.57, exclusive of interest, attorneys' fees, costs, and additional damages according to proof.

100.    Pursuant to 11 U.S.C. § 523(a)(6), the debt owed by CHIH to Plaintiffs is nondischargeable.

## FOURTH CLAIM FOR RELIEF

## (Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(3))

## (Against Defendants SAMUEL CHIH and CHARLENE YUKI LI)

ADVERSARY PROCEEDING

101. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

102. Pursuant to 11 U.S.C. § 727(a)(3), a debtor may be denied a discharge if the debtor concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure was justified under all of the circumstances.

103. Plaintiffs allege that Defendants failed to keep, preserve, and/or produce complete and reliable records including records supporting the alleged business purpose of transfers to CHIH, ATM withdrawals, payroll payments to LI, and the ownership or disposition of the cargo container chassis.

104. Plaintiffs allege that Defendants' failure to maintain and produce such records prevents Plaintiffs, creditors, the Chapter 7 trustee, and the Court from determining the disposition of substantial funds and property received by or for the benefit of Defendants.

105. Defendants' failure to keep or preserve adequate records was not justified under the circumstances.

106. Accordingly, Defendants' discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

### FIFTH CLAIM FOR RELIEF

### (Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(5))

### (Against Defendants SAMUEL CHIH and CHARLENE YUKI LI)

107. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

108. Pursuant to 11 U.S.C. § 727(a)(5), a debtor may be denied a discharge if the debtor fails to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities.

ADVERSARY PROCEEDING

109.   Plaintiffs allege that Defendants received, retained, transferred, dissipated, or benefitted from Plaintiffs' funds and property, including transfers, withdrawals, payroll payments, charges, reimbursements, and other corporate assets described above.

110.   Plaintiffs allege that Defendants have failed to satisfactorily explain the loss, dissipation, disposition, or present location of such funds and property.

111.   Accordingly, Defendants' discharge should be denied pursuant to 11 U.S.C. § 727(a)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs HWY LOGISTICS, INC. and EVERRANK EXPRESS INC. pray for judgment against Defendants, and each of them, as follows:

1.   For a determination that the debts owed by Defendant SAMUEL CHIH to Plaintiffs are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

2.   For a determination that the debts owed by Defendant SAMUEL CHIH to Plaintiffs are nondischargeable pursuant to 11 U.S.C. § 523(a)(4);

3.   For a determination that the debts owed by Defendant SAMUEL CHIH to Plaintiffs are nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

4.   For denial of discharge pursuant to 11 U.S.C. § 727(a)(3) as to Defendants SAMUEL CHIH and CHARLENE YUKI LI;

5.   For denial of discharge pursuant to 11 U.S.C. § 727(a)(5) as to Defendants SAMUEL CHIH and CHARLENE YUKI LI;

6.   For damages in an amount according to proof, but not less than $91,195.57 plus additional damages;

7.   For prejudgment interest according to law;

8.   For attorneys' fees to the extent permitted by law;

9.   For costs of suit incurred herein; and

10.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 14, 2026          **HELEN W. QUAN, ATTORNEY AT LAW**


          /s/ Helen W. Quan
Helen W. Quan, Esq. Attorneys for Creditors
HWY LOGISTICS INC. and EVERRANK
EXPRESS INC.

- 16 –

ADVERSARY PROCEEDING